IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        Plaintiff,

      v.

ANGEL SERVIN,

                        Defendant.

ORDER

09-cr-80-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Angel Servin has filed a motion in his closed criminal case for the return of property under Fed. R. Crim. P. 41(g), alleging that money was taken from his residence by state and federal law enforcement officers in the course of executing a warrant, that he was never notified by the court or in the indictment of any forfeiture and that the money was never returned to him.  If defendant wishes to pursue this motion, he should know that it will be treated as initiating a civil equitable proceedings, <u>United States v. Shaaban</u>, 602 F.3d 877, 878-89 (7th Cir. 2010) ("We have held that, once a defendant has been convicted, a motion under Rule 41(g) is deemed to initiate a *civil* equitable proceeding") ((citing <u>United States v. Howell</u>, 354 F.3d 693, 695 (7th Cir. 2004)), for which defendant must pay a filing fee.

1

When I directed the government to respond to defendant's motion, I overlooked this requirement and the need to open a new case and obtain a filing fee from defendant. If defendant wishes to proceed, he will have to send the court a check for $350. If he is unable to pay this amount, he must make an initial partial payment of the $350 filing fee, as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act. To allow the court to calculate an initial partial payment, defendant will have to submit a trust fund account statement.

Defendant's motion was filed on January 10, 2011. His trust fund account statement should cover the six-month period beginning approximately July 10, 2010 and ending approximately January 10, 2010. Once defendant has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2). Defendant should show a copy of this order to jail officials to insure that they are aware they should send a copy of defendant's six-month trust fund account statement to this court.

In deciding whether to proceed, defendant may want to consider the government's response. The government says that the money defendant is seeking was the subject of an administrative forfeiture proceeding, that written notice of the proceeding was sent to defendant at 718 Briar Lane, Beloit, Wisconsin 53511-2412 on August 5, 2008, that a U.S. Mail Return Receipt was received by the government on August 9, 2008, that defendant

2

never filed an administrative claim for the money and that it was forfeited. If the government is correct, it is unlikely that defendant would have any ground on which to obtain the return of his money.

ORDER

IT IS ORDERED that defendant Angel Servin may have until March 16, 2011, in which to submit a certified copy of his trust fund account statement for the period beginning approximately July 10, 2010 and ending approximately January 10, 2011. If, by March 16, 2011, defendant fails to respond to this order, I will assume that he does not wish to pursue his motion for the return of his property.

Entered this 28th day of February, 2011.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

3